IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

January 14, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

PAMELA ANN DRINNON BROOKS,      )C/A NO. 03A01-9801-CH-00008
                                )
          Plaintiff-Appellant,)
                                )
                                )
                                )
v.                              )APPEAL AS OF RIGHT FROM THE
                                )HAMBLEN COUNTY DOMESTIC RELATIONS COURT
                                )
                                )
                                )
                                )
JACK THOMAS BROOKS, JR.,        )
                                )HONORABLE JOYCE M. WARD,
          Defendant-Appellee. )JUDGE


For Appellant                    For Appellee

JIM W. STAMBAUGH                 JILL R. TALLEY
Stambaugh Law Office             Dandridge, Tennessee
Morristown, Tennessee


M E M O R A N D U M   O P I N I O N

1

AFFIRMED AND REMANDED                                    Susano, J.

Pamela Ann Drinnon Turner, formerly Brooks, filed a post-divorce petition seeking sole custody of the parties' minor child, William Clayton Brooks (DOB: October 5, 1990). The trial court held, in effect, that there had not been a sufficient change in circumstances to warrant a change in the joint custody arrangement previously decreed by the court. It denied the petition and Mrs. Turner appealed, arguing that the evidence preponderates against the trial court's findings.

A trial court has broad discretion regarding a custody determination. *Brumit v. Brumit*, 948 S.W.2d 739, 740 (Tenn.App. 1997). We will not disturb such a determination unless the record reflects an abuse of that discretion. *Id*.

We find and hold that the evidence does not preponderate against the trial court's determination that the facts before it did not warrant a change in the custodial arrangement. We find no abuse of discretion in this case. Accordingly, the judgment of the trial court is affirmed. Our affirmance is pursuant to the provisions of Rule 10(b), Rules of the Court of Appeals.[1] Costs on appeal are taxed against the

---

[1] Rule 10(b), Rules of the Court of Appeals, provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no

2

appellant. This case is remanded to the trial court for enforcement of that court's judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

_____

precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.